Ellwest Stereo Theaters, Inc., Appellant *v.* Zoning Board of Adjustment of the City of Pittsburgh and Paul Imhoff, Appellees.

Argued October 5, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*Yaier Y. Lehrer,* for appellant.

*D. R. Pellegrini,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellees.

*Leonard D. Silk,* for intervenor, RMF Investment Company.

OPINION BY JUDGE CRAIG, November 24, 1981:

Ellwest Stereo Theaters, Inc. (Ellwest) appeals from an order of the Court of Common Pleas of Allegheny County affirming a decision of the Zoning Board of Adjustment of the City of Pittsburgh which denied Ellwest's appeal from the Building Inspection Bureau's citation of Ellwest for violating an occupancy permit.

Pursuant to an earlier order of the common pleas court, dated February 8, 1973, the bureau had issued Ellwest an occupancy permit to operate an amusement arcade with "movie machines only"; accordingly Ellwest then installed machines which, upon insertion of coins, were activated to display movies upon a screen. However, commencing in December, 1979, Ellwest installed devices which, upon the insertion of coins, raised a visual barrier to reveal a semi-nude woman dancing live on stage.

The bureau, after investigating the premises, determined that Ellwest, by replacing the movies with a live dancer, was conducting live performances, considered by the bureau to be impermissible under an occupancy permit for an amusement arcade.

Here Ellwest contends that the effect of the common pleas court's 1973 order granting Ellwest an occupancy permit is limited only to the type of machines which Ellwest may have on the premises. Specifically, Ellwest argues that the order's limiting language, authorizing a "permit to occupy . . . as an amusement

enterprise *with* adult coin operated *movie machines only"* (emphasis added), does not limit the machines to being used only for the purpose of showing movies. That view is unacceptable.

If we were to accept Ellwest's position, an order obviously written to limit the category of entertainment would be rendered meaningless.

In 1973, when the common pleas court ordered the bureau to issue Ellwest an occupancy permit to conduct an amusement arcade, that term was not specifically defined in Pittsburgh's zoning ordinance; however, the court adopted the definition of that term— "any location where seven or more mechanical devices are licensed under Section 5-401 of this article"—as it then existed in Article V of Ordinance 15 of 1971 which regulated amusement businesses. Section 5-401 of the same ordinance defined a "mechanical device" as "any machine or apparatus for the playing of games or otherwise used for the purpose of amusement or entertainment by the insertion of a coin."

That ordinance language, in referring to machines used for the purpose of amusement, clearly contemplated machines which themselves constitute the source of the amusement or entertainment. Here the entertainment is a live dancer, with the machine being nonessential to that entertainment.

We agree with the city's position that, when Ellwest introduced entertainment which does not originate from the machines, Ellwest's use became something other than an amusement arcade. The use then became that of a theater. The city's current zoning ordinance defines an "adult theater" as "an enclosed building with a capacity of fifty or more persons used for presenting material distinguished or characterized by an emphasis on matter depicting, describing or relating to specified sexual activities or specified anatomical areas as defined herein, for observation by

patrons therein.'' That definition thus encompasses live entertainment (as well as movie-projected entertainment). The same provision states that when such a theater has a capacity of less than fifty persons, it is a "mini-theater.'' In view of the nature of the entertainment, a live dancer, Ellwest's use constituted an adult theater or mini-theater, a use new and distinct from that of an amusement arcade.

Accordingly, we affirm the decision of the common pleas court.

### ORDER

Now, November 24, 1981, the order of the Court of Common Pleas of Allegheny County at No. S.A. 734 of 1980, dismissing the appeal of Ellwest Stereo Theaters, Inc., is hereby affirmed.